Locke v. Locke.

LEONARD LOCKE

*v.*

LEMUEL LOCKE et al.

A gift to the testator's "nearest relations" means brothers, to the **exclusion** of nephews and nieces.

On bill for construction of a will.

*Mr. J. J. Summerill*, for the complainant.

*Messrs. Bergen & Bergen*, for the defendants.

BIRD, V. C.

This bill was filed to ascertain who were intended by the testator in the use of the phrase "nearest relations," in the following clause of his will:

NOTE.—Under a gift to testator's nearest relations, a half-sister was held entitled, to the exclusion of a half-brother's children, *Marsh* v. *Marsh, 1 Bro. C. C. 293;* or, nearest blood kin, *Davenport* v. *Hassell, Busb. Eq. 29;* or, nearest of kindred, *Markham* v. *Watt, 20 Beav. 579; Stamp* v. *Cooke, 1 Cox C. C. 234;* even if she should die before the period of distribution, *Ennis* v. *Pentz, 3 Bradf. 382; Redmond* v. *Burroughs, 63 N. C. 242; Swasey* v. *Jaques, 144 Mass. 135, 138.* And see, as to nearest of kin, according to the statutes of distribution, *In re Jeffery's Trusts, L. R. (14 Eq.) 136;* or, the nearest relations or connections, according to the laws of the commonwealth, *Storer* v. *Wheatley, 1 Pa. St. 506;* see *Varrell* v. *Wendell, 20 N. H. 431; Alexander* v. *Wallace, 8 Lea 569; Halton* v. *Foster, L. R. (3 Ch. App.) 505;* or, nearest of kin by way of heirship, *Williams* v. *Ashton, 1 Johns. & Hem. 115;* or, nearest of kin of my own family forever, *Clapton* v. *Bulmer, 10 Sim. 426, 5 Myl. & Cr. 108.*

Locke *v.* Locke.

"After the marriage or decease of my said wife, I give and bequeath all my real estate and personal property that I have given to my said wife to be equally divided between my nearest relations, share and share alike."

The counsel for defendants insists that the true meaning is the same as the word "heirs," and that all of the estate disposed of by said clause became vested, on the death of the testator, in his heirs-at-law.

Since the testator did not use the word "heirs," but the phrase "nearest relations," it will be admitted that it will be the duty of the court to give effect to the latter rather than the former, if there be any difference in their accepted meaning. That there is a plain and unmistakable distinction, I am quite sure I need not stop to discuss. Nor is there, at this day, the slightest ambiguity as to who are embraced in the term "nearest relations." In this case the two surviving brothers claim to the exclusion of the nephews and nieces. In my judgment, this claim is well founded, and this appears to be in accordance with all of the authorities. *Smith* v. *Campbell, 19 Ves. 400 ; Goodinge* v. *Goodinge, 1 Ves. Sr. 231; Brandon* v. *Brandon, 3 Swans. 312 ; Edge* v. *Sailsbury, Amb. 70 ; Wms. Ex. (Perkins's ed.) 1227 top,* and *1118, 1119.* The cases above referred to show that, in one case, a different intention was sought to be impressed on these words, but the more deliberate opinion is that such construction would be a manifest departure from the true and safe rules of interpretation. Certainly when a testator uses plain every-day English to express his meaning, there cannot be any

As to the construction of the nearest of kin in the male line, see *Sayer* v. *Bradly, 5 H. L. C. 873;* see, also, *Thwaites* v. *Over, 1 Taunt. 269;* or, the nearest relation of a designated name, *Pyot* v. *Pyot, 1 Ves. Sr. 335; Wright* v. *Plumptre, 3 B. & Ald. 474; Pearce* v. *Vincent, 2 Myl. & K. 800, 1 Cr. & M. 598, 2 Bing. N. C. 328, 2 Keen 230; Leigh* v. *Leigh, 15 Ves. 93;* see *Greenwood* v. *Greenwood, 1 Bro. C. C. 32; Carpenter* v. *Bott, 15 Sim 606; Huling* v. *Fenner, 9 R. I. 410.*

Ordinarily, the nearest of kin at the time of the testator's death is intended, *Urquhart* v. *Urquhart, 13 Sim. 613, 8 Jur. 161 ; Eagles* v. *Le Breton, L. R. (15 Eq.) 148;* unless the will directs otherwise, *Clapton* v. *Bulmer, 10 Sim. 426, 5 Myl. & Cr. 108;* see *Bishop* v. *Cappel, 1 De G. & S. 411 ; Pinkham* v. *Blair, 57 N. H. 226; Terrell* v. *Cunningham, 70 Ala. 100; Crisp* v. *Crisp, 61 Md. 149.*
—REP.

risk of doing violence to his understanding of it by taking him at his word.

The complainant and his brother are entitled to the property in question, to the exclusion of all the nephews and nieces of the testator. The complainant is not entitled to costs.